UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LENNY R. SCHWARTZ, JR., et al.,

    Plaintiffs,

v.

SNOHOMISH COUNTY, et al.,

    Defendants.

No. C05-732P

ORDER ON PENDING MOTIONS

This matter comes before the Court on several pending motions. Defendants have filed a motion to dismiss this case as an improper class action. (Dkt. No. 15). In response, Plaintiff filed a motion for class certification. (Dkt. No. 17). In his motion for class certification, Plaintiff also moved for appointment of counsel, a request which the Court referred to Magistrate Judge Donohue. By order dated September 30, 2005, Judge Donohue denied Plaintiff's request to appoint counsel. Although Plaintiff did not file timely objections to Judge Donohue's order, he has moved for an extension of time to file objections. (Dkt. 35)

Having reviewed all the pleadings and supporting materials, the Court ORDERS as follows:

1) Defendants' motion to dismiss as an improper class action (Dkt. No. 15) is GRANTED in part and DENIED in part. The Court grants Defendants' request to dismiss this case to the extent that it purports to be a class action. However, the Court denies Defendants' request to enter a finding against Plaintiff under 28 U.S.C. § 1915 or to enter an injunction against Plaintiff.

2) Plaintiff's motion for class certification (Dkt. No. 17) is DENIED.

ORDER - 1

3)     Plaintiff's motion for an extension of time (Dkt. No. 35) to file objections to Judge Donohue's Order denying appointment of counsel is GRANTED. Having considered Plaintiff's objections, the Court AFFIRMS Judge Donohue's order.

4)     If Plaintiff intends to pursue individual claims in this matter, he is directed to file an amended complaint limited to his individual claims within <u>fourteen (14) days</u> of the date of this Order. If Plaintiff does not timely file an amended complaint limited to individual claims, this matter will be dismissed without prejudice.

The reasons for the Court's order are set forth below.

## BACKGROUND

Plaintiff is proceeding pro se in this matter. His complaint includes allegations of unconstitutional conditions of confinement at the Snohomish County Corrections, as well as a broad conspiracy allegedly involving Snohomish County judges, prosecutors, public defenders, and the jail. As defendants, the complaint names the corrections center, the county, the prosecutor's officer, the public defenders' office, the county superior court, and individuals associated with each of these entities, including individual judges. Plaintiff maintains that these Defendants have conspired to violate his rights and the rights of similarly-situated persons under the First, Fifth, Eighth, and Fourteenth Amendments.

Plaintiff filed this lawsuit as a putative class action. Defendants moved to dismiss the case as an improper class action because Plaintiff, as a pro se litigant, cannot represent others. Defendants note that in 2003, Plaintiff previously attempted to pursue a purported class action on a pro se basis against many of the same defendants named in this lawsuit, but was explicitly informed by the Court that he could not pursue a class action on a pro se basis. See <u>Schwartz v. Snohomish County</u>, C03-3431C, Dkt. 25. Defendants ask the Court to enjoin Plaintiff from filing another purported class action arising out of these same facts without leave of Court and to enter a finding against Plaintiff under 28 U.S.C. § 1915. In response, Plaintiff moved to appoint counsel and to certify a class.

ORDER - 2

**ANALYSIS**

1. <u>Extension of Time to File Objections</u>

As noted above, the Court referred Plaintiff's request for appointment of counsel in this matter to Magistrate Judge Donohue. On September 30, 2005, Judge Donohue issued an order denying appointment of counsel. (Dkt. No. 33). Under Fed. R. Civ. P. 72(a), a party who objects to a Magistrate Judge's order on a non-dispositive motion must file objections within ten days after being served with a copy of the order.

In a minute order issued on October 12, 2005, the Court indicated that Plaintiff was obliged to file any objections to Judge Donohue's order within the time prescribed by Rule 72 and applicable rules. (Dkt. No. 34). However, Plaintiff failed to file objections in a timely manner.[1] Instead, he filed a motion on October 20, 2005 requesting an extension of time to file objections (Dkt. No. 35), followed by a filing on October 24, 2005 that presented his objections to Judge Donohue's order.

Plaintiff offers several reasons for failing to file objections in a timely manner. He maintains that he was unaware of his right to file objections until he received the Court's October 12th minute order that referenced his rights under Rule 72. However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir.1987). Plaintiff's claim that he was confused about the time that he had to file objections is also not compelling, given that the Court's minute order of October 12th explicitly stated that his objections to Judge Donohue's order had to be filed within the time prescribed by Rule 72 and applicable rules.

Nonetheless, in an abundance of caution the Court will grant Plaintiff's request for an extension to file objections to Judge Donohue's order. The Court is mindful of Plaintiff's pro se status, and Defendants have not argued that they would be prejudiced by such a brief extension.

---

[1] Because Plaintiff was served electronically with Judge Donohue's order on September 30, 2005, his objections were due by October 17, 2005 – the tenth day after the Order was served, excluding Saturdays, Sundays, and legal holidays. <u>See</u> Fed. R. Civ. P. 6(a) and 72(a).

ORDER - 3

2.     Objections to Order Denying Appointment of Counsel

A magistrate judge's order on a non-dispositive motion will not be overturned unless it is clearly erroneous or contrary to law. See Rule 72(a). Having considered Plaintiff's objections, the Court finds no such errors in Judge Donohue's order denying appointment of counsel.

As Judge Donohue noted, there is no right to have counsel appointed in civil rights cases. However, counsel may be appointed in "exceptional circumstances." Wilborn v. Escalderson, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" Id. (internal citations omitted). Neither of these factors is dispositive and both must be viewed together. Id.

Here, Judge Donohue considered both factors. He found that Plaintiff was able to adequately articulate his claims on a pro se basis, noting that "plaintiff's pleading describe facts, cite applicable legal authority, and articulate arguments as well as any pro se pleadings this Court has seen." (Dkt. 33, at 2). The Court finds no error in this determination. While Plaintiff's complaint is quite far-reaching, Plaintiff has demonstrated an ability to research and articulate complex legal issues.

Judge Donohue also found that plaintiff had not shown a likelihood of success on the merits, noting "[p]laintiff has alleged a variety of claims, but beyond his initial complaint, there is not yet any evidence which suggests that plaintiff's case is likely to succeed on the merits." Id. The Court finds no error in this determination. As Judge Donohue observed, there is little basis at this point to find that the claims stated in Plaintiff's complaint are likely to succeed. Plaintiff has not demonstrated a likelihood of success that would warrant appointment of counsel for either his individual claims or claims on behalf of a putative class.

3.     Dismissal of Class Action

It is well-established that a litigant appearing pro se has no authority to represent anyone other than himself. Russell v. U.S., 308 F.2d 78, 79 (9th Cir. 1962); see also C.E. Pope Equity Trust v.

ORDER - 4

U.S., 818 F.2d 696, 697 (9th Cir. 1987).  Plaintiff clearly intends this to be a class action.  Plaintiff states that he does not wish to represent the class pro se and that he is aware that he cannot do so.  However, even though Plaintiff may not wish to represent a class pro se, he has not hired an attorney and the Court has not found extraordinary circumstances that would warrant appointment of counsel.  Consequently, this case must be dismissed as a class action because Plaintiff cannot represent the class pro se.

If Plaintiff intends to proceed with individual claims in this matter, he is directed to file an amended complaint within fourteen (14) days of this order that is limited to his individual claims.  Failure to do so will result in dismissal of this action without prejudice.

4.   Request for Finding Under 28 U.S.C. § 1915

In 2003, Plaintiff filed a similar action in this Court under case number C03-3431C.  In that case, he sought to amend his complaint to add plaintiffs and to proceed as a class action.  The Court denied his request to the extent that he sought to proceed as a class action.  (C03-3431C, Dkt. No. 25).  That case was later dismissed without prejudice for failure to serve defendants in a timely manner and for failure to prosecute.

Defendants suggest that the Court should "enter a finding" against Plaintiff under 28 U.S.C. § 1915 and enjoin him from filing any additional class action complaints arising out of the same set of facts in the instant complaint.  Presumably, Defendants are requesting a finding under 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [on an in forma pauperis basis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Defendants appear to suggest that Plaintiff's attempt to bring this case as a class action should count as one of his three "strikes" under § 1915(g).  However, the Court has no basis to make such a

ORDER - 5

finding. To count as a "strike" under § 1915(g), a meritless action must be brought by a prisoner "while incarcerated or detained" in a facility. Here, it does not appear that Plaintiff was incarcerated when he brought this action.

Defendants also suggest that the Court should "enter an order enjoining [Plaintiff] from filing another purported class action arising out of the same alleged facts as this current action without leave of Court." (Dkt. 15 at 1). The Court declines to do so. While Plaintiff has twice attempted to maintain unsustainable class actions, his conduct to date does not warrant entry of a so-called "bar order" that limits his ability to file actions in the future. However, Plaintiff is cautioned that he may be subject to sanctions if he makes subsequent attempts to maintain a class action on a pro se basis.

**Conclusion**

The Court GRANTS Plaintiff's request for an extension of time to file objections to Judge Donohue's order denying appointment of counsel. Having considered Plaintiff's objections, the Court AFFIRMS Judge Donohue's order. The Court GRANTS in part and DENIES in part Defendants' motion to dismiss as an improper class action and DENIES Plaintiff's motion for class certification. Because Plaintiff cannot represent a class on a pro se basis, this action is dismissed to the extent that Plaintiff purports to maintain it as a class action. The Court declines to enter a finding against Plaintiff under 28 U.S.C. § 1915 or to enter an injunction against Plaintiff. If Plaintiff intends to pursue individual claims in this action, he is granted leave to amend his complaint. If Plaintiff fails to amend his complaint to seek relief for himself alone within fourteen (14) days of the date of this order, the Court will dismiss this action without prejudice.

The clerk is directed to provide copies of this order to Plaintiff and to all counsel of record.

Dated: November 21, 2005

                      s/Marsha J. Pechman
                      Marsha J. Pechman
                      United States District Judge

ORDER - 6